IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURWYN TALLEY, # B-52081,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00948-MJR |
| | ) |
| **SALVADOR GODINEZ,** | ) |
| **DR. TROST, C/O FITZGERALD,** | ) |
| **and UNKNOWN PARTIES (multiple),** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Durwyn Talley, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against three known[1] and various unknown[2] Defendants. According to the complaint, these Defendants have violated Plaintiff's First and Eighth Amendment rights at Menard. Plaintiff now seeks the imposition of criminal charges against Defendants. He also requests declaratory judgment, monetary damages, and injunctive relief.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is

---

[1] The known Defendants include Salvador Godinez (Illinois Department of Corrections ("IDOC") director), Dr. Trost (Menard physician), and C/O Fitzgerald (Menard correctional officer).

[2] The unknown Defendants include Menard's assistant warden/head of internal affairs, an internal affairs lieutenant, two internal affairs officers, the entire mailroom staff, the mailroom supervisor, a male nurse practitioner, the healthcare unit ("HCU") administrator, and Wexford Medical Sources' ("Wexford") director.

1

required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As discussed in more detail below, several claims set forth in the complaint are subject to dismissal under this standard.

**Discussion**

The Court finds it convenient to divide the complaint into the following six counts:

    **COUNT 1:**    Defendants violated Plaintiff's rights under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680;

> **COUNT 2:** Defendants Trost, Doe #1 (HCU administrator), and Doe #2 (male nurse practitioner) denied Plaintiff adequate medical care for H. pylori and gastroesophageal reflux disease (GERD);
>
> **COUNT 3:** Defendants Doe #3 (internal affairs officers), Doe #4 (internal affairs lieutenant), Doe #5 (assistant warden), Doe #6 (mailroom supervisor), Doe #7 (mailroom staff), and Fitzgerald (correctional officer) denied Plaintiff access to the courts;
>
> **COUNT 4:** Defendants "prison staff" failed to protect Plaintiff from an excessive risk of inmate attack;
>
> **COUNT 5:** Defendants subjected Plaintiff to inhumane conditions of confinement;
>
> **COUNT 6:** Defendants Godinez and Wexford's Director conspired to retaliate against Plaintiff.

A summary of the allegations giving rise to each claim is immediately followed by a discussion of each claim below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts should not be construed as an opinion on their merits.

**Count 1 – FTCA Claims**

The complaint generally invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. However, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. All of the defendants in this action are state officials. Therefore, Count 1 shall be dismissed with prejudice.

**Count 2 – Deliberate Indifference to Medical Needs**

According to the complaint, Plaintiff was allegedly diagnosed with gastroesophageal reflux disease ("GERD") after testing positive for H. pylori in 2011 (Doc. 1, p. 12). If left untreated, this condition allegedly causes stomach cancer, esophageal cancer, ulcers, and hiatal hernias, among other things (Doc. 1, p. 14). Before transferring to Menard,

3

Plaintiff allegedly received inadequate medical care for GERD at three other institutions[3] (Doc. 1, p. 12).

When he arrived at Menard, Plaintiff informed Defendants Trost, Doe #1 (HCU administrator), and Doe #2 (male nurse practitioner) about his diagnosis with H. pylori and GERD (Doc. 1, p. 14). He explained that his medications were not working. He repeatedly submitted sick call requests seeking treatment and a referral to a specialist. However, Defendants Trost, Doe #1, and Doe #2 ignored Plaintiff's requests for medical care.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and; (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). When the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is sufficiently "serious" to support an Eighth Amendment claim. *Id.* Plaintiff's H. pylori and

---

[3] Plaintiff alleges that he has already filed two lawsuits against officials at Lawrence, Western, and Danville Correctional Centers for failing to treat his GERD (Doc. 1, pp. 12-13). This action focuses on Plaintiff's medical care at Menard.

GERD have allegedly been diagnosed by a physician as requiring treatment and could, according to the allegations in the complaint, lead to a more significant injury if left untreated.  At the early pleadings stage, the complaint satisfies the objective standard for an Eighth Amendment medical needs claim.

With regard to the subjective standard, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  This state of mind is deliberate indifference.  Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).  At this early stage, deliberate indifference claims have been stated against Defendants Trost, Doe #1, and Doe #2.  Accordingly, Plaintiff shall be allowed to proceed with Count 2 against these defendants.

**Count 3 – Denial of Access to Courts**

The complaint goes on to allege that Defendants Fitzgerald (correctional officer), Doe #3 (internal affairs officer(s)), Doe #4 (internal affairs lieutenant), Doe #5 (assistant warden), Doe #6 (mailroom supervisor), and Doe #7 (mailroom staff) conspired to deny Plaintiff access to the courts by interfering with his legal mail and court documents (Doc. 1, pp. 14-15). Plaintiff claims that he filed an interlocutory appeal to challenge the denial of a temporary restraining order in *Talley v. Friel, et al.*, Appeal No. 14-1030 (7th Cir. 2014).  He was ordered to file a brief memorandum in support of his claim that the district court erred in denying his request to proceed *in forma pauperis* on appeal.  The above-referenced Defendants failed to provide Plaintiff with a copy of the order and intercepted his outgoing legal mail.  As a result, he

was unable to file the brief. His interlocutory appeal was dismissed, and Plaintiff's pain and suffering was prolonged (Doc. 1, p. 15).

When bringing a claim based on the denial of access to the Courts, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. See *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). The complaint satisfies the basic pleading standards for this claim. Therefore, Plaintiff shall be allowed to proceed with Count 3 against Defendants Fitzgerald (correctional officer), Doe #3 (internal affairs officer(s)), Doe #4 (internal affairs lieutenant), Doe #5 (assistant warden), Doe #6 (mailroom supervisor), and Doe #7 (mailroom staff), based on their alleged conspiracy to deny him access to the courts. Count 3 shall be dismissed against all other defendants.

**Count 4 – Failure to Protect**

According to the allegations in the complaint, Plaintiff was transferred to Menard, even after he told officials at Danville Correctional Center that he had enemies there and a "gang hit out on him . . . for being labeled a stool pigeon" (Doc. 1, p. 16). Further, "prison officers" told Plaintiff that "he was a dead n*gger" and that he would not leave Menard Correctional Center alive" (Doc. 1, p. 16).

In *Farmer*, the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." 511 U.S. at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

In order for Plaintiff to succeed on a failure to protect claim, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and Defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); *see also Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011); *Dale v. Poston*, 548 F.3d 563, 565-70 (7th Cir. 2008).

Based on the allegations in the complaint, it is not at all clear who is named in connection with this claim. The complaint does not identify any Defendant, even in general terms. For that reason, the Court cannot discern whether Plaintiff brings this claim against Danville officials or Menard officials.

Further, the complaint does not identify any specific threat of injury that Plaintiff communicated. *See Owens*, 635 F.3d at 954; *Dale*, 548 F.3d at 565-70. While a prisoner is not required to wait until an actual injury occurs, an Eighth Amendment failure to protect claim requires more than mere speculation about a potential harm. Under the circumstances, Count 4 shall be dismissed without prejudice.

**Count 5 – Conditions of Confinement**

In the complaint, Plaintiff alleges that he has been subjected to unconstitutional conditions of confinement at Menard (Doc. 1, pp. 16-17). Plaintiff has been placed "behind a steel door where there's no ventilation or air at all" (Doc. 1, p. 16). His cell is hot and muggy. Defendant Fitzgerald has "certain inmates" skip Plaintiff's cell when passing out ice. Plaintiff possesses two asthma inhalers, yet suffers from severe breathing difficulties, dizziness, vomiting, and headaches. He also has high blood pressure that is exacerbated by these conditions. Even

after Plaintiff had his family contact prison staff at Menard and the IDOC administrative offices in Springfield, Illinois, the conditions did not improve (Doc. 1, p. 17).

The Eighth Amendment provides prisoners with a means of improving prison conditions that are constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer*, 511 U.S. at 834 (citation omitted); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Id.* (citing *Wilson*, 501 U.S. at 304; *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). The complaint identifies a number of conditions that support an Eighth Amendment claim.

However, the only individual named with specificity in connection with this claim is Defendant Fitzgerald. This Defendant was named because he sometimes has inmates skip Plaintiff's cell when passing out ice. This conduct, though questionable, falls short of supporting an Eighth Amendment deliberate indifference claim against Defendant Fitzgerald. Therefore, Count 5 shall be dismissed without prejudice against him. However, the Court will instead allow Plaintiff to proceed with Count 5 against Menard's warden, in his official capacity based solely on Plaintiff's request for injunctive relief.

**Count 6 – Conspiracy to Retaliate**

In the complaint, Plaintiff claims that the directors of the IDOC and Wexford have generally known about "this retaliation"[4] against Plaintiff that has been going on "for years" (Doc. 1, pp. 15-16). However, they "turned a blind eye" to it (Doc. 1, p. 15). The complaint later alludes to "retaliation . . . to punish Talley for exercising his rights to redress grievances" (Doc. 1, p. 17).

No conspiracy or retaliation claim has been stated against the directors of the IDOC or Wexford. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). Typically, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Here, the complaint contains nothing more than conclusory allegations in support of the conspiracy and retaliation claims against these Defendants, which is not enough to support either claim.

At most, the complaint suggests that these Defendants are liable because of their supervisory roles. Even this is not enough to support a claim against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005)

---

[4] The complaint does not define "this retaliation."

9

(citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). No allegations suggest that either director personally participated in depriving Plaintiff of a constitutional right, or that either devised a policy, practice, or custom leading to this deprivation. Accordingly, Count 6 shall be dismissed against Defendants Godinez and Wexford's director with prejudice.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with claims against several unknown defendants at Menard, including Doe #1 (HCU administrator), Doe #2 (male nurse practitioner), Doe #3 (internal affairs officer(s)), Doe #4 (internal affairs lieutenant), Doe #5 (assistant warden), Doe #6 (mailroom supervisor), and Doe #7 (mailroom staff). While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Moreover, the parties cannot be served with process or respond to the complaint until they are identified.

For that reason, Plaintiff will be required to identify these Defendants with specificity, in order to pursue his claim(s) against them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a claim against them, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). If he does not already know the names of the unknown defendants (Defendants Doe #1-#7), Plaintiff may use the discovery process to identify them. Menard's warden shall respond to any discovery requests submitted by Plaintiff that are aimed at identifying these unknown parties. Once identified,

Plaintiff will be required to file an amended complaint naming each of the "Doe" Defendants in the case caption and throughout the amended complaint.

### Relief Requested

The Court deems it necessary, at this early stage, to address two requests for relief that Plaintiff has included in the complaint.

First, Plaintiff seeks the imposition of criminal charges against Defendants (Doc. 1, p. 18). Criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). In other words, Plaintiff cannot proceed against Defendants on criminal claims at all; only the State's attorney is empowered to bring criminal charges.

The second request is for injunctive relief, in the form of a preliminary injunction. In the body of the complaint, Plaintiff indicates that he will file a separate motion addressing this request. This is the correct procedure. Any request for immediate relief, whether a temporary restraining order or a preliminary injunction, should be made pursuant to Federal Rule of Civil Procedure 65 in a separate motion.

### Disposition

The **CLERK** is **DIRECTED** to add the following Defendant to this action: **MENARD'S WARDEN (official capacity only)**.

**IT IS HEREBY ORDERED** that **SALVADOR GODINEZ** is dismissed with prejudice from this action.

**IT IS ORDERED** that **COUNTS 1** and **6** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. **COUNT 4** is **DISMISSED without**

**prejudice** for failure to state a claim upon which may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 2, 3,** and **5,** the Clerk of Court shall prepare for Defendants **MENARD'S WARDEN (official capacity only), DR. TROST,** and **C/O FITZGERALD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown (Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. The amended complaint must stand on its own; it supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including expedited discovery aimed at identifying the "Doe" Defendants, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 24, 2014**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**