IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-0948-MJR-SCW |
| ) | |
| DR. TROST, and ) | |
| MENARD WARDEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Durwyn Talley was previously incarcerated at the Menard Correctional Center in Menard, Illinois, but is currently incarcerated at the Western Illinois Correctional Center in Mount Sterling, Illinois. On August 29, 2014, Talley filed a civil rights complaint against staff at Menard and officials with the Illinois Department of Corrections, alleging that some of them denied him medical care, some blocked his access to the courts, some failed to protect him from a risk of inmate attack, some conspired to harm him in various ways, and some subjected him to inhumane conditions at Menard. The Court screened Talley's complaint pursuant to 28 U.S.C. § 1915A and dismissed some of the claims and some of the defendants from the case, but permitted Talley's medical, access to courts, and conditions claims to proceed against the Menard staff. Some of the Menard employees were named as John Doe designates, so the screening order (and a subsequent order) warned Talley that he would need to take steps to identify the Doe designates or they would be dismissed from the case.

1

As this case has moved along, Talley submitted a number of amended and supplemental complaints, each attempting to revive his conspiracy claims, yoke in additional defendants, or assert claims that were the subject of previous or pending lawsuits. He also filed a motion to identify a few (but not all) of the Doe designates in his original complaint, and has sought preliminary injunctive relief. The defendants have opposed the motions to amend and the motions for injunctive relief, and for their part moved to sever the conditions and access-to-courts claims into a different case, leaving only the deliberate indifference claim for this proceeding. The magistrate judge granted the motion to identify and permitted Talley to amend his complaint instanter to identify two of the Doe designates, but otherwise denied his motions to file amended or supplemental complaints. The undersigned denied Talley's motions for preliminary injunctive relief and dismissed the remaining Doe defendants from the case, as Talley did not move to identify them within the time period set forth by the Court (or ask for more time to do so). The undersigned also granted the defendants' motion to sever and severed Talley's non-medical claims into a new proceeding.

Talley has since littered the docket with objections and motions to reconsider these rulings. The Court will start with Talley's motion to reconsider the undersigned's Doe dismissal order, which is a bit difficult to follow. Talley seems to claim that the names of the Doe designates were in his previous proposed complaints and that the Court "redacted" those complaints by denying them, thereby stopping Talley from naming the Does. That argument is refuted by the record—as best the Court can tell, Talley's motions to amend and his proposed complaints didn't identify the Doe

designates in his original complaint, but attempted to add new claims against new defendants. And even if the names of the Doe designates were somehow buried in Talley's many, many submissions, it isn't incumbent on the Court to dig through all of his filings to fish out efforts to identify—any motion to amend to identify Does should clearly and concisely say that Does from the original complaint are now identified, and then state their names. To be sure, Talley knew how to file a simple motion to substitute named parties for Doe designates—he did it for Lashbrook and Miner. The fact that he didn't take the same simple step for the other Does, coupled with the fact that he still hasn't clearly identified them in his motion to reconsider, suggests that he doesn't have their names. In that vein, Talley says that he should have been given more time to identify the Does because the Court denied some of his other motions, but even if he would have been entitled to more time, he should have asked for it, and he didn't. The Doe dismissals stand, and Talley's motion to reconsider (Doc. 140) is **DENIED**.

As for Talley's objections, none of them have merit. Talley first claims that the magistrate judge erred by not allowing him to file amended and supplemental complaints and that the undersigned should overturn the magistrate's rulings, but that's wrong—the magistrate judge properly rejected Talley's many blunderbuss submissions. Talley's new conspiracy claims in the amended complaints weren't viable because the conspiracy allegations were conclusory and, based on the limited allegations to support them, utterly fantastic; and the motions to file supplemental complaints were undeveloped, failing to lay out what additional actions occurred and what specific claims Talley sought to add via his supplemental complaints. Talley also

claims that the magistrate judge erred by denying him preliminary injunctive relief related to his medical claims and by severing his case, and he again asks the undersigned to overturn the magistrate's rulings. The rub is that the undersigned, and not the magistrate judge, entered those rulings. To the extent Talley is seeking reconsideration of those rulings, the Court declines the invitation. There was no error in denying Talley's motions for preliminary injunctive relief—the record demonstrated, at least for purposes of preliminary relief, that Talley is under treatment for the conditions at issue in this case, meaning that he doesn't have a likelihood of success on the merits. Nor was there any error in severing Talley's conditions and access-to-courts claims into another case: those claims were unrelated to his medical claims and belonged in different suits under the federal joinder rules. *See George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007).** Talley makes much of the fact that the original motion to sever was stricken, but the defendants filed two motions to sever on the same day, and only one of those motions was stricken—the second, corrected motion to sever was properly filed, and as the Court already said above, properly granted. All of Talley's objections (Docs. 141, 142 & 147) are **OVERRULED**.

    **IT IS SO ORDERED.**

    **DATED: April 15, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**